UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:

**Lee Thomas Dixon And Janet Lee Dixon**          Case No.  10-80636
                                                  Chapter    13

Soc. Sec. No. xxx-xx-8120 and xxx-xx-5984
Mailing Address:2225 Eveton Lane,  Sanford , NC 27330-

                              Debtors

                   **MOTION TO MODIFY PLAN**

        **NOW COME the Debtors**, by and through counsel undersigned, who move, under authority
of 11 U.S.C. § 1329, to modify the Chapter 13 plan in this case, and in support hereof, the Debtors
show unto this Court the following:

1.      This case was filed on April 12, 2010, with the Chapter 13 plan being subsequently
        confirmed on July 20, 2010.

2.      The Debtors propose to modify the Chapter 13 plan in this case in the following respects:

        From:   $1,185.00 per month

        To:     $1,185.00 per month through August, 2011, followed thereafter by $1,182.00 per
                month, starting in September, 2011.

3.      The changed circumstances that justify the proposed modification are as follows: The
        Debtors' 2002 Chevrolet Malibu vehicle was damaged in a car accident on or about 5/1/11.
        Said vehicle secures a claim held by Security Financial Services.  The claim was being paid
        "inside" this Chapter 13 case.  There is presently an unpaid principal balance due on this
        secured claim in the amount of approximately $1,963.70.   The insurance company
        responsible for providing property damage insurance has declared the vehicle a "total loss",
        and is offering, by way of property damage settlement, to pay the sum of $3,000.00.

4.      To facilitate the proposed modification, the Debtors hereby surrender any interest they may
        have in  the said wrecked vehicle. Since said creditor's claim is only secured to the extent
        of the unpaid principal balance due upon its allowed secured claim, creditor is only entitled
        to receive, from said settlement, an amount equal to the unpaid principal balance due upon
        its secured claim, plus interest at the rate set in the confirmation order.  Upon the payment
        of the unpaid principal balance by said  insurance company, Security Financial Services is
        obligated to release its lien on said vehicle and to then forward to said insurance company
        the certificate of title to said vehicle.

5. In addition, since the Debtors are surrendering their interest in said vehicle, it is no longer necessary to continue treating said creditor's claim as secured. Not having to continue treating said claim as secured, it is possible to lower the Debtors' plan payment, thereby freeing up money necessary to help the Debtors acquire and finance dependable alternate transportation.

6. An updated Schedule I and J (Income and Expenses) is not attached herewith, since the reduction in plan payment is minimal due to higher than expected priority claims. In addition, all of the money freed up by this proposed modification is reasonably necessary to fund the cost of dependable alternate transportation.

7. The proposed modification conforms to the standards of confirmation set out in 11 U.S.C. §§ 1322 and 1325.

### Appended Application for an Additional Attorney Fee

8. Counsel for the Debtors further applies herein, in accordance with Bankruptcy Rule 2016(b), for approval an attorney fee in the amount of $250.00 to pay for the reasonable value of the services rendered, and to be rendered, with respect to this motion to modify.

These services were not taken into account in the contract for legal services entered into between the undersigned and the Debtors.

WHEREFORE, the Debtors pray that this Court grant their Motion, and modify the Chapter 13 plan accordingly. In addition, counsel undersigned requests that this Court approve a fee in the amount of $250.00 to compensate undersigned for the services rendered or to be rendered with respect to this motion, said fee to be paid by the Chapter 13 Trustee as an administrative claim in this case.

Dated: August 17, 2011

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Koury Hicks

Koury Hicks
North Carolina State Bar No.: 36204
6616-203 Six Forks Road
Raleigh, N.C. 27615
(919) 847-9750

**CERTIFICATE OF SERVICE**

I, Koury Hicks, certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on August 17, 2011 , I served copies of the foregoing **MOTION TO MODIFY PLAN** by regular first-class U.S. mail, addressed to the following parties:

Richard M. Hutson, II
Chapter 13 Trustee
P.O. Box 3613
Durham, N.C.  27702-3613

Michael West
U.S. Bankruptcy Administrator
P.O. Box 1828
Greensboro, N.C. 27402-1828
Lee Thomas Dixon And Janet Lee Dixon
2225 Eveton Lane,
Sanford , NC 27330-

SFC Central Bankruptcy
Attn: Managing Agent
PO Box 1893
Spartanburg, SC 29304-

GMAC
Attn: Managing Agent and
Heather Satterfield, Adjuster
 PO Box 1623
Winston-Salem, NC 27102

All creditors  with duly filed claims as listed on the Trustee's Chapter 13 website.


                                              /s Koury Hicks
                                              Koury Hicks